1541

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CASSANDRA HOLDSWORTH | Criminal No. 21-196<br>**[UNDER SEAL]**<br>(21 U.S.C. §§ 846, 841(a)(1),<br>841(b)(1)(B)(i), 841(b)(1)(B)(vi), and<br>841(b)(1)(C)) |

**INDICTMENT**

COUNT ONE

**FILED**

MAY 04 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

The grand jury charges:

From on or about December 22, 2020, and continuing to on or about December 23, 2020, in the Western District of Pennsylvania, the defendant, CASSANDRA HOLDSWORTH, did knowingly, intentionally, and unlawfully conspire with persons both known and unknown to the grand jury, to possess with intent to distribute and distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance; and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(vi), and 841(b)(1)(C).

In violation of Title 21, United States Code, Section 846.

## COUNT TWO

The grand jury further charges:

On or about December 23, 2020, in the Western District of Pennsylvania, the defendant, CASSANDRA HOLDSWORTH, did knowingly, intentionally, and unlawfully possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance; and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(vi) and 841(b)(1)(C).

## FORFEITURE ALLEGATIONS

1. The allegations contained in Count One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2) and 853(p).

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(vi) and 841(b)(1)(C), the defendant, CASSANDRA HOLDSWORTH, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

3. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A True Bill,

_____
Foreperson

_____
STEPHEN R. KAUFMAN
Acting United States Attorney
PA Bar No. 42108

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 21-196 |
| CASSANDRA HOLDSWORTH | **[UNDER SEAL]** |

## CERTIFICATION AND NOTICE FOR FILING PRETRIAL MOTIONS

I hereby certify that I have been notified by the United States Magistrate Judge that all pretrial motions must be filed within fourteen (14) days of Arraignment unless the Court extends the time upon written application made within said fourteen (14) day period.

_____          _____
Date                                                      Attorney for Defendant
                                                               CASSANDRA HOLDSWORTH

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 21-196 |
| CASSANDRA HOLDSWORTH | **[UNDER SEAL]** |

## ARRAIGNMENT PLEA

Defendant CASSANDRA HOLDSWORTH

being arraigned, pleads _____

in open Court this _____ day of

_____ , 20 _____

_____
(Defendant's Signature)

_____
(Attorney for Defendant)

CR 21-196

## CRIMINAL CASE INFORMATION SHEET

Pittsburgh __X__    Erie _____    Johnstown _____

Related to No. _____    Judge _____
(All criminal prosecutions arising out of the same criminal transaction or series of transactions are deemed related).

CATEGORY:
1. __X__ Narcotics and Other Controlled Substances
1a. ____ Narcotics and Other Controlled Substances (3 or more Defendants)
2. ____ Fraud and Property Offenses
2a. ____ Fraud and Property Offenses (3 or more Defendants)
3. ____ Crimes of Violence
4. ____ Sex Offenses
5. ____ Firearms and Explosives
6. ____ Immigration
7. ____ All Others

Defendant's name: Cassandra Holdsworth

Is indictment waived:    ____ Yes    __X__ No

Pretrial Diversion:    ____ Yes    __X__ No

Juvenile proceeding:    ____ Yes    __X__ No

Defendant is:    ____ Male    __X__ Female

Superseding indictment or information    ____ Yes    __X__ No

Previous case number: _____

If superseding, previous case was/will be:

_____ Dismissed on defendant's motion
_____ Dismissed on governments' motion
_____ After appellate action
_____ Other (explain)

County in which first offense cited occurred: Allegheny

Previous proceedings before Magistrate Judge: _____

Case No.: _____

PLEASE INCORPORATE MAGISTRATE CASE WITH CRIMINAL CASE

| | | |
|---|---|---|
| Date arrested or date continuous U.S. custody began: | | |
| Defendant: | ___ is in custody | _X_ is not in custody |
| Name of Institution: | | |
| Custody is on: | ___ this charge | ___ another charge |
| | ___ another conviction | |
| | ___ State | ___ Federal |
| Detainer filed: | ___ yes | ___ no |
| Date detainer filed: | | |
| Total defendants: | 1 | |
| Total counts: | 2 | |
| Data below applies to defendant No.: | 1 | |
| Defendant's name: | Cassandra Holdsworth | |

## SUMMARY OF COUNTS

| COUNT | U.S. CODE | OFFENSE | FELONY | MISDEMEANOR |
|---|---|---|---|---|
| 1 | 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute and distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance | X | |
| 2 | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(vi), and 841(b)(1)(C) | Possession with intent to distribute 100 grams or more a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance and a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance | X | |

## FORFEITURE ALLEGATIONS

I certify that to the best of my knowledge the above entries are true and correct.

DATE: **MAY 0 4 2021**

/s/ *Katherine C. Jordan*
KATHERINE C. JORDAN
Assistant U.S. Attorney
PA ID No. 201135

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 21-196 |
| CASSANDRA HOLDSWORTH | [UNDER SEAL] |

FILED
MAY 04 2021
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Katherine C. Jordan, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance; and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II | 21 U.S.C. § 846 |

| | | |
|---|---|---|
| | controlled substance | |
| | From on or about December 22, 2020 and continuing to on or about December 23, 2020 | |
| 2 | Possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance; and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(vi), and 841(b)(1)(C) |
| | On or about December 23, 2020 | |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of conspiracy to possess with intent to distribute and distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance; and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to possess with the intent to distribute and distribute a controlled substance.

   2.  That the defendant was a party to or member of that agreement.

   3.  That the defendant joined the agreement or conspiracy knowing of its objective to possess with the intent to distribute and distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

   4.  That heroin is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(b)(10), that fentanyl is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II (b)(6); and that cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II (a)(4).

   5.  That the amount of heroin attributable to the defendant as a result of her own conduct and the conduct of conspirators reasonably foreseeable to her was 100 grams or more and/or that the amount of fentanyl was 40 grams or more. 21 U.S.C. §§ 841(b)(1)(B)(i), 841(b)(1)(B)(vi).

   Apprendi v. New Jersey, 530 U.S. 466 (2000).

   Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

  **B.**  **As to Count 2:**

In order for the crime of possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance and a detectable amount of fentanyl, a Schedule II controlled substance; and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(vi) and

841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance(s) charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

    2.    That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

    3.    That heroin is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(b)(10), that fentanyl is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I (b)(6) and that cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II (a)(4).

    4.    That the mixture or substance containing a detectable amount of heroin was 100 grams or more, and/or that the mixture or substance containing a detectable amount of fentanyl was 40 grams or more. 21 U.S.C. §§ 841(b)(1)(B)(i), 841(b)(1)(B)(vi).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

### III. PENALTIES

**A.    As to Counts One and Two: Conspiracy to possess with intent to distribute and distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of**

fentanyl, a Schedule II controlled substance and a quantity of a mixture and substance containing a detectable amount of cocaine (21 U.S.C. § 846)/Possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance; and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(vi), and 841(b)(1)(C)):

    1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

    2. A fine not to exceed $5,000,000.

    3. A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

    1. A term of imprisonment of not less than ten (10) years to a maximum of life.

    2. A fine not to exceed $8,000,000.

    3. A term of supervised release of at least eight (8) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney


*/s/ Katherine C. Jordan*
KATHERINE C. JORDAN
Assistant U.S. Attorney
PA ID No. 201135

# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

CASSANDRA HOLDSWORTH

**WARRANT FOR ARREST**

FID#: 11273695

Case Number: 2:21-CR-00196-AJS
*SEALED*

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **CASSANDRA HOLDSWORTH,**

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Order of Court ☐ Violation Notice ☐ Probation Violation Petition ☐ Supervised Release Violation Petition

charging him or her with (brief description of offense)

Conspiracy to possess with intent to distribute and distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; Possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance and a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance

in violation of United States Title:Section(s)

Count 1: 21 U.S.C. 846, Count 2: 21 U.S.C. 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(vi), and 841(b)(1)(C)

| Lynn Ann Reppar | Deputy Clerk |
| Name of Issuing Officer | Title of Issuing Officer |
| *Lynn Ann Reppar* | 05/05/2021   Pittsburgh |
| Signature of Issuing Officer | Date and Location |

Bond to be set by U.S. Magistrate Judge.